Case number 10-0832, Tickle v. Richard Milam. Good morning, Your Honors. Laura Weiler on behalf of Richard Milam. Brian Harvey, Assistant State's Attorney. Brian Harvey's not back. Okay, the apology realized you have to reserve some of your time. Yes. All right, well let's proceed. May it please the Court. Again, my name is Laura Weiler on behalf of Richard Milam. And with the Court's permission, I would like to reserve two minutes for rebuttal. This case must be remanded for further post-conviction proceedings where appointed post-conviction counsel failed to avoid procedural default by making a routine claim of ineffective assistance of appellate counsel in her amended petition. Tell me, what's your prejudice here? I'm sorry? The prejudice. The prejudice is that Richard Milam's petition was not adequately presented to the Court. I will say, under Turner and Suarez, there is no harmless error analysis here. So we don't need to look into prejudice in this particular aspect, and the State has not challenged that in any way. But there was real harm served to Mr. Milam because the trial court was not adequately able to consider the claims. As the Court noted, the claim as it stood was barred by waiver. And it was dismissed on that ground. And 651C does impose three requirements on post-conviction counsel. I just want to make sure I understand your position there. Yes. Is it your position, then, that even if we were to deem the underlying claim to be, quote, meritless, or we shouldn't look to see if the underlying claim is meritless, it's just simply the waiver that's the prejudice? That's exactly what Turner holds. And Suarez in 2007, in fact, Suarez was a case, I believe, an apprentice, it raised an apprentice issue, a violation after De La Paz had come. So in that case, more so than here, there was really no merit. But the Court remanded it anyway because the issue is not the underlying merits, it's whether a petitioner received reasonable assistance of counsel under 651C. And here the specific allegation of unreasonable assistance, the violation of 651C that we are making, is with regard to the third responsibility, that after consulting with the petitioner, post-conviction counsel make any amendments to the pro se petition that are necessary for an adequate presentation of the claim. And the courts have been very clear that an adequate presentation of the claim includes making any amendments to avoid procedural defaults, such as waiver in this case. And here the claim was waived, and the post-conviction counsel acknowledged that. There's a fine line here because this is not one of the petitioner's claims. This is not one of the petitioner's initial pro se claims. And there's a whole body of case law that holds that 651 is satisfied if counsel adequately presents the pro se petitioner's claims. So my question is, and really I think the whole question of this case is, can this court extend the responsibility of post-conviction, well, can we extend our review to the point where we could say that, even though this was not one of the petitioner's pro se claims, if you raise another claim, you have to do it well. That's really what you're saying. Or you have to do it right. It's not actually what I'm saying, because this was one of Richard Miland's contentions. I do think that... What was one of Richard Miland's contentions? That his statement was improperly admitted because it was taken without the benefit of counsel. And keeping in mind that you have to take a pro se... It's not the same claim. The claim here is that there was a delay in allowing his counsel to see him in the police station. While he was signing his statement. Keep in mind... Six minutes or something like that. Keep in mind, a strict construction of a defendant's pro se petition is inappropriate, because there's decades of precedent saying a pro se petitioner has limited legal knowledge, the pro se petition only needs limited detail, doesn't need to include all the legal elements, might not be aware of all the facts that are necessary, and the petition needs to be considered liberally in the defendant's favor. So then you disagree with the way I just framed the issue. You would say that this is one of the... If you look at it broadly, that this is one of the petitioner's pro se claims, and that it wasn't, under the rule, adequately presented. Exactly. Because we have to remember that... We have to assume that post-conviction counsel, under the first requirement of 651C, consulted with Richard Milan to determine what his actual claims of constitutional deprivation are. So she sat down with him and said, okay, you said you wanted a lawyer while you were making the statement, what exactly do you mean by that? And it's the lawyer's job to take that and to frame it into proper legal form. Okay, what you were trying to say is that you had a lawyer at the station, but you were not allowed access to him, and as a result you signed a statement. That's enough for the pro se standard to consider this to be Richard Milan's claim. I will, however, in response to your specific question, say, even if this court decides to construe his claims in a strict manner rather than a liberal manner, post-conviction counsel would still be required to adequately present the claim. There's no case law. I agree that there is case law saying post-conviction counsel doesn't need to go out, do additional investigation, come up with her own claims on her own. But there's really no case law saying that once post-conviction counsel chooses to do that, she can present that claim in however inadequate form that she wanted. And to have that holding would be substantially prejudicial to petitioners because that would render that claim res judicata because it was raised however inadequately. So a petitioner would not be able to raise that claim in the future, so actually it would be to the harm of the defendant. I mean, that's definitely inadequate assistance or unreasonable assistance under the statute. And, again, the state hasn't cited any proposition for the fact that once appointed counsel chooses to put forth a claim, it may do so however poorly she chooses to do so in this case. But, again, I don't want to concede that because I do think that this was adequately presented. Mr. Milan took issue with the fact that he wanted a lawyer and was not allowed to have that lawyer. Justice Palmer gave you a softball. You should grab it and run with it. Go ahead. Proceed. Okay. Everything within was baseball. I'm sorry, more of a basketball person. But, you know, I'll just make a couple of other comments. I don't think that there's really any issue to the fact that the underlying claim here had been fully litigated in a pretrial motion but not raised on direct appeal. So the state's argument that this was really res judicata is not correct. It's waiver. And, again, there's really no challenge to the fact that including this claim of ineffective assistance of appellate counsel is critical in preserving this issue and adequately presenting it. In this instance, when post-commissioned counsel did not adequately present this claim however you choose to view it, she rendered unreasonable assistance to the fact that it constituted a violation of Rule 651C. If there are no further questions, I would ask this court to reverse and remand for a new trial. Thanks. Let me ask you this question. Is counsel correct that there need not be a showing of prejudice here? I'm not sure if I got how, I'm not sure if I can untangle that. Okay, well, then just proceed with your argument. I apologize. From some of the other things. In early 1994, a defendant stabbed his wife to death repeatedly. About a little more than two years later, he confessed. His trial counsel moved vigorously to suppress the confession on numerous grounds. Unsuccessfully. Went to trial. The defendant was found guilty of first-degree murder and then sentenced to 55 years imprisonment. His trial counsel was also his appellate counsel. Matthew Kennelly, who then became, and has been for quite a while, a federal judge. Counsel, I'll refer to him, filed a lengthy appeal, and the principal issue he raised in the appeal, went at it in several directions, was the voluntary ruling on the motion to suppress the confession. Following oral argument, this court, an earlier iteration of this court by several years, affirmed the defendant's conviction and addressed and rejected at length all the arguments about the motion to suppress. After the PLA was denied, the defendant filed a pro se petition for post-conviction relief. It was either one or two months late. Not really a big, it's important, but not to be issued at hand. Post-conviction counsel was appointed upon its filing, apparently. And the record indicates that counsel fully discharged her dues under 651-361, under, I'm sorry, I'm getting the wrong number, under the applicable Illinois Supreme Court rule. Well, you know, we've read the facts and we've analyzed the case through a microscope. Okay, and I will, if you'd like, I can touch the case a little more. I apologize. What counsel filed wasn't amended. In addition to pursuing other, in addition to filing a Rule 651C certificate that creates a presumption that she discharged her duties and that everything she said in there was true, the record actually vindicates this. What counsel filed, incidentally, was not, was an amended petition. And she made clear when the circuit court asked her that with defendant's consent, she had abandoned the issues in the pro se petition. So they weren't in play. And I might add, the pro se petition did not allege, it didn't attack the motion to suppress it, alleged ineffective assistance of trial counsel for failing to call witnesses and the like. Counsel apparently investigated this claim, and it's evident from both the record and her certificate, and she concocted, probably not the nicest word, she came up with, crafted a new claim. The new claim was necessarily predicated. Well, this brings me back to the question that I asked counsel for the appellant. And I think this is a factual thing we have to nail down. Sure. It was the court's impression today that this complaint about being deprived of counsel is a new claim. And I think we were just told that it's not a new claim. My understanding is that in the initial pro se petition, there was a complaint of ineffective assistance of trial counsel for failure to call witnesses, and then there was this stuff about the forensic testing. My understanding is that was it. And I think that's an important point for today. Because my question is, based on the body of case law that we're all familiar with, if we were to follow along that body of case law, aren't we in a position where we have to say, here comes your softball, don't we have to say that under 651, she has to adequately present the petitioner's pro se claims. And the law that came out of 651 says that post-conviction counsel is under no obligation to go into the record and find new claims. I was under the impression, or this court was under the impression, that this complaint about what happened at the police station is a new claim that came out in the amended post-conviction petition. Right or wrong? It's a new claim, but the nature of the claim was a change in the law. She was trying to get, when she, the claim that she put forward was that based on. That was her excuse for trying to get around waiver. Yes, it was, but it also would get you around race judicata. And so she invoked the element of constitution instead of the federal counsel. It's a completely different claim. If she had done what counsel now says she should have done, which is that, oh, this appellate counsel is false for failing to bring the claim, it would have fatally undercut the claim. I don't think you understood my question. I think that the basic point of today's proceeding is, is this a new claim or is it not a new claim? Okay, because under 651, she's not under an obligation to find new claims. But if she is under an obligation to take the petitioner's pro se claims and adequately present them. So if this is a new claim, are we in a position where we're just supposed to say, you know what? It's not her obligation to present new claims, and so therefore she doesn't have to adequately present them. Or should we take things one step further and say, well, fine, this is a new claim, but she did find it and she did present it, she just didn't present it well. And should she have presented it better? I would agree with both. The first one is she's not required to present a new claim. She did present a new claim. The new claim she presented was clearly crafted in order to avoid having to face waiver, forfeiture, or specifically race judicata. And the circuit court considered all this. In fact, it took the matter into advisement after hearing our argument. It said that it read a written order, and in the written order it says, actually your claim is not really new. It's covered by race judicata, this has all been decided and litigated. And then, in the language that the defense, the counsel latches onto, it says, and even if you don't believe me, that you're not going to accept this in very conditional language, then it would be barred by waiver because it could have been raised on direct appeal. I'm not really sure what counsel should have done given that. She put out a new claim. The nature of the claim would have been fatally undercut if she'd raised it the way counsel says. She should have raised it, I think. Well, I think what the Supreme Court said what counsel should have done is when she filed the amended post-conviction petition, she should have raised the police station claim and also raised the claim that there was ineffective assistance of appellate counsel for not previously waiving it. And that's what she should have done, don't you think? No, because then it's subject to race judicata, which if you read the circuit court's opinion, was the reason it dismissed it. It tossed in the waiver thing. It says this was barred by race judicata, and if you won't accept, I'm going to quote it. And if the counsel will not accept this, then it could have been raised before. Well, why is it barred by race judicata? The merits of it? Because it was fully litigated. Where? It was litigated before the trial court, and it was litigated before the appellate court at length. Yes, they couldn't have cited the two cases that she hung the newness of the claim on because they didn't exist. But I guess implicitly when the circuit court rejected the claim, it thought, you know what, these cases aren't new. They're derived from an old case, and the circuit court pointed to that. It pointed that the principle that counsel was relying on in trying to rebrand her claim was derived from a case that existed back in 1993. McCaffrey, I believe, is the name of the case. And I think McCaffrey is actually cited in the brief that appellate counsel filed. And those issues were addressed. So I really don't know what more counsel could have done. If the argument is that counsel should have just brought the claims that were in the defendant's petition, she clearly researched them. She sent out investigators, talked to the new witnesses, and she found there was no merit. And she's certainly not required, and forget not required. It would be improper for her to raise a claim that she didn't think as a professional had merit. The record shows that she reviewed everything. This isn't one of these cases where the record refutes something in the 651C certificate. As a result, counsel's provided the requisite reasonable assistance. She performed each of her duties and then some. She raised a new claim. She litigated the DNA thing, even though DNA wasn't specifically what the defendant asked for. And she did everything she could to avoid the timeliness issue. In fact, she prevailed on it to the extent that the circuit court said, I'm not going to dismiss it based on timeliness. For these reasons and those provided more clearly in our brief, this court should deny defendant's appeal and affirm the dismissal of his petition for post-conviction release. Thank you, Your Honor. Rebuttal. Just quickly, Your Honors. To be clear, this issue is not race judicata. While the umbrella issue of whether the motion to suppress should have been granted was raised in the appellate court, the specific legal reasons for that, including that it was coerced, that it was the result of trickery, none of those included the claim here that the attorney who arrived at the police station was not allowed to consult with Richard Milam. So even the trial court recognized that the particular claim raised here was not raised on appeal. And so in fact, it was waived. And I would just argue that the, as Justice Palmer put it, the excuse that post-conviction counsel offered that there was new case laws was not adequate and was incorrect. I would just request the court to consider this to be an issue that Richard Milam adequately raised when you look at the issue liberally construed. But I would like to remind the court that even if you disagree with that and find that this is a new claim, Richard Milam is nonetheless entitled to reasonable assistance of counsel. And this would do harm to him if counsel raised an issue but did not put it in adequate legal form. And again, there is no case law that says once counsel chooses to raise an issue, she doesn't need to do even a reasonable job at it. The idea of adequately presenting claims on behalf of a pro se petitioner includes the claim, the idea that you present everything in a proper legal form at a minimum, attempting to avoid procedural default. Not to harp on things, but can we at least now admit that this is a new claim? I apologize, Your Honor, but I really feel that this was particularly – Tell me what the underlying, I'm sorry, tell me what the pro se post-conviction claims were. There was a claim that counsel should have made forensic testing. And there was also a claim that trial counsel should have called Attorney Haddad to testify regarding the fact that he had been represented while he was making a statement. So that issue of was he entitled to a lawyer while he was making a statement is sufficiently connected to I was making a statement and I couldn't see my lawyer. That under pro se standards, which is all we're looking at here in terms of how do we look at this pro se, it was sufficiently connected. I'll just remind you, Your Honor, that even in Hodges, which is how we examine, the latest case and how we examine, the defendant in Hodges made a claim of self-defense. And the Supreme Court said, no, that's not, there's nothing there. But you might have something regarding second degree murder. And even though you didn't say anything about second degree murder, the court said, a strict construction of the defendant's petition is inconsistent with the requirement that the petition be given a liberal construction. Where defendants are acting pro se, court should review their petitions with a lenient eye, allowing borderline cases to proceed. And that's how you should look at the initial claim that Richard Milam made. Before he was able to consult with a lawyer and fully explain, maybe he wasn't able to do it in writing, but once he was able to consult with his lawyer and talk it out, he realized that's what he really was trying to say. So I apologize, Your Honor, but I have to stand my ground that this is not a new claim, but regardless, we're entitled to relief. Standing your ground is probably, you know, you should stick around for the next argument because we're going to hear about that. And there's nothing wrong with standing your ground in this case. So on the race-judicata thing, to bring you back to that, though, there was testimony at the suppression hearing, wasn't there, concerning the fact that he had been represented? Yes. Okay, so it was fully litigated, but that's the purpose of ineffective assistance of appellate counsel claims. And that's exactly what Suarez says. There's decades of precedent here that says just because it's... The first was that it was obtained after he specifically, after Richard Milam himself invoked the right to counsel, which is separate from whether his attorney was denied access to him. That it was the result of trickery because he was told, come on in, we have a suspect in custody, but actually they wanted to interrogate him. The third was that it was a violation of the rules of professional conduct because the police knew him to be represented already. And the fourth was that it was coerced because the police threatened to take his children away. McCauley, the issue of that was not litigated on direct appeal. And the court can take judicial notice of that. I apologize, I can't remember if I supplemented the appellate court opinion to the record, but I'd be happy to do that. Let me just ask you one other question. You think that the issues in the Hodges and the facts of Hodges have a relationship here? Well, Hodges is a first stage standard, but it does when we're taking a look at how we look at a pro se petitioner's claim and is there a seed of anything in the pro se claim. And I do think that how Hodges says we look at a pro se claim applies to a second stage claim when the state is arguing this wasn't in his pro se petition. I mean, you think Hodges stands for how we look at a pro se claim? Well, Hodges does stand for that. And Hodges explains that we look to see whether there was without arguable merit where it was fanciful or what have you. But Hodges just reaffirms dredge and godly this court's decision in Reyes and Edwards that pro se petitioners claims are to be construed liberally in the defendant's favor. That's not new law. And that's just what Hodges uses to determine whether there's any merit to the claim in that case. Really? Okay, thank you. Thank you very much. We will take this case under advisement and I'd like to advise everyone here that Judge Lampkin is part of this panel and she's ill today but she's probably listening in and if not she certainly will go over the tapes.